IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 11-cv-61584-KMM

ROANNE EYE,

    Plaintiff,
vs.

JAMES I. COHN, et al.,

    Defendants.
_____/

**ORDER GRANTING MOTION TO DISMISS**

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss (ECF No. 19). Plaintiff filed a Response (ECF No. 23). This Motion is now ripe for review.

UPON CONSIDERATION of the Motion and the Response, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

**I.    BACKGROUND**

Plaintiff, Roanne Eye, is the defendant in a criminal case in the Southern District of Florida, and she brings this Complaint in response to the actions taken in that criminal case. Eye names as Defendants Judge James I. Cohn, United States District Court Judge, and Magistrate Judge Robin S. Rosenbaum, Magistrate Judge Lurana Snow, and Magistrate Judge Barry Seltzer; all of whom are United States Magistrate Judges. Collectively Judge Cohn and the Magistrate Judges are referred to as the "Defendant Federal Judges." Eye also names as Defendants Wifredo A. Ferrer, United States Attorney; Jennifer A. Keene, Assistant United States Attorney; Matthew Mueller, Department of Justice Trial Attorney (collectively "Federal Prosecutors") and

Steven M. Larimore, Clerk of Court for the Southern District of Florida. Eye makes claims against all Defendants in their individual capacities in her Complaint, and she alleges what she terms a "Full Bivens Action." See Compl.

Eye argues that the Defendants acted in conspiracy with one another to defraud her of her "most fundamental right to have subject matter jurisdiction, in personam jurisdiction, and standing, established by fact, before the fact, beyond the shadow of doubt, not by the alleged court in case #0:11-cr-60004-JIC-1 . . . ." Compl. at 33. The Complaint makes several allegations of unconstitutional acts on the part of Defendants, mostly related to the very existence of the Court in the Southern District of Florida, which Eye claims lacks jurisdiction because it does not legally exist. Eye also makes some incomprehensible claims regarding a failure on the part of Defendant Larrimore to use address labels that she provided in order to mail her filings from her criminal case. The U.S. Postal Service attempted to deliver copies of court filings to Eye's address of record. See Compl. ¶ 2.1. After several failed attempts, a deputy clerk noted on the criminal docket that mail was undeliverable and noted the attempts. See Case No. 11-cr-60004-JIC, ECF Nos. 60 & 61. Eye ultimately accuses Larimore of being part of the conspiracy to deprive her of her constitutional rights via these actions.

The Complaint is fifty-three pages in length, and is rambling and incoherent in its allegations of wrongdoing on the part of Defendants. However, the Court recognizes that pro se pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally. Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)). With that in mind, the Court reviews the sufficiency of Eye's Complaint.

## II. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984). On a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. SEC v. ESM Grp., Inc., 835 F.2d 270, 272 (11th Cir. 1988). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'shown'--'that the pleader is entitled to relief.'" Id. at 1950. A complaint must also contain enough facts to indicate the presence of the required elements. Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1302 (11th Cir. 2007). However, "[a] pleading that offers 'a formulaic recitation of elements of a cause of action will not do.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002).

## III. ANALYSIS

### A. Immunity of Defendants

#### 1. Defendant Federal Judges

"Few doctrines [are] more solidly established at common law than the immunity of

judges from liability for damages for acts committed within their judicial jurisdiction." Pierson v. Ray, 386 U.S. 547, 554 (1967). "This immunity applies even when the judge is accused of acting maliciously or corruptly, and it 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.'" Id. (quoting Bradly v. Fisher, 80 U.S. (13 Wall.) 335, 349 n.16 (1871)). Judicial immunity may only be overcome where (1) the challenged action was not taken in the judge's judicial capacity, or (2) the action was taken in the complete absence of jurisdiction. Mireless v. Waco, 502 U.S. 9, 11-12 (1991).

The Federal Judges named in Eye's Complaint were all acting within their respective judicial capacities in making decisions in Eye's criminal case. Eye makes conclusory statements that the Defendant Federal Judges were not acting within their judicial capacity. See Compl. ¶¶ 6.1, 7.1, 8.2, 8.3.1, 9.2, 9.3, 9.4, 9.5. However, these are conclusory allegations which are not supported by any facts whatsoever. Oxford Asset Mgmt., 297 F.3d at 1188. Eye further claims the Defendant Federal Judges were acting without jurisdiction because the Southern District of Florida itself lacks any jurisdiction. Eye's assertions regarding the Court's lack of constitutional authority or jurisdiction are vague and incomprehensible and ultimately lack any merit. Recognition of judicial immunity is certainly appropriate in this case. Accordingly, Eye's claims against the Defendant Federal Judges are dismissed.

   2.   Defendant Federal Prosecutors

Recognizing the potential for claims of constitutional deprivation by individuals subjected to criminal prosecution, the Supreme Court has held that a prosecutor representing the

United States in a criminal case is immune from civil suit.  See Imbler v. Pachtman, 424 U.S. 409, 424 (1976).  The Court reasoned that to allow such suits would affect the way in which prosecutors make decisions on prosecuting individuals, as well as how they carry out their duties.  Id.  Civil suits would also likely prove tremendous burdens to prosecutors, many of whom are responsible for hundreds of indictments and trials annually.  Id.

The Defendant Prosecutors have been named as defendants by Eye because of their roles in prosecuting her in her pending criminal case.  Their immunity is clearly defined in this instance.  Defendant Ferrer is similarly provided immunity for his duties in supervising the prosecutors who brought the criminal charges that Eye faces.  A prosecutor acting in a supervisory role is not liable in tort for allegations of negligent training or supervision.  Van de Kamp v. Goldstein, 129 S. Ct. 855, 861 (2009).[1]  Eye's claims against the Defendant Federal Prosecutors are therefore dismissed.

3.  Defendant Larimore

Eye brings a Bivens claim against the Clerk of Court Steven Larimore, based upon the U.S. Postal Services' inability to deliver copies of court filings to Eye's address of record.  See Compl. ¶ 2.1.  Eye's allegations against Larimore make little logical sense and are implausible.  Eye specifically takes issue with entries 61 and 62 on her criminal docket which are "Clerk's Notice of Undeliverable Mail."  Id.  Eye's Complaint indicates that the clerk who entered the notice had the initials "rb," which undisputably are not the initials of Steven Larimore.  Id.

---

[1] Both Van de Kamp and Imbler were brought pursuant to 42 U.S.C. §1983, not Bivens, however, the Eleventh Circuit has recognized that the immunities provided federal officials in Bivens actions are coextensive with those provided state officials in § 1983 actions.  Bolin v. Story, 225 F.3d 1234, 1241 (11th Cir. 2000).

5

Regardless of the accuracy of Eye's assertions, Defendant Larimore is entitled to quasi-judicial immunity.

"Nonjudicial officials have absolute immunity for their duties that are integrally related to the judicial process." Jenkins v. Clerk of Court, U.S. Dist. Court, Southern Dist. of Fla., 150 Fed.App'x 988, 990 (11th Cir. 2005). "Absolute quasi-judicial immunity for nonjudicial officials is determined by a functional analysis of their actions in relation to the judicial process." Id.; Scott v. Dixon, 720 F.2d 1542, 1545 (11th Cir. 1983) (clerk of court has absolute immunity when performing discretionary functions).

As the Clerk of the Court, Defendant Larimore exercised his discretion in ceasing to make attempts to deliver copies of filings to Eye's address after several previous attempts failed. See Case No. 11-cr-60004-JIC, ECF Nos. 60 & 61. This decision was well within his discretionary authority. Accordingly, he is entitled to absolute quasi-judicial immunity, and Eye's claims against Defendant Larimore are dismissed.

B.  Eye's Complaint is Frivolous and Vexatious

Though Eye's claims are all dismissed based on the various immunities of the Defendants, the Court identifies Eye's Complaint as frivolous and vexatious and undertaken for the dilatory purpose of exacting retribution for actions taken by officials in her criminal trial. The Court will not countenance such efforts, nor allow Eye to waste time and judicial resources in addressing such matters. The Eleventh Circuit has repeatedly held that federal courts have the power to manage their dockets and curb vexatious litigation. May v. Maass, 2005 U.S. App. LEXIS 20695 (11th Cir. Sept. 22, 2005) (citing Martin-Trigona v. Shaw, 986 F.2d 1384, 1387 (11th Cir. 1993)); see also Copeland v. Green, 949 F.2d 390 (11th Cir. 1991).

Here, the Court finds no legal basis for relief in any of the claims in Eye's Complaint. Eye's rambling and incoherent claims of conspiracy to deprive her of her constitutional rights are purely alarmist, and do not provide any factual allegations that give rise to a cognizable claim. See Carter v. Dolce, 741 F.2d 758, 760 (5th Cir. 1984) (affirming district court's dismissal with prejudice of pro se plaintiff's claim, specifically noting that plaintiff's conspiracy claim was "without arguable merit and therefore frivolous in accordance with current case law on this point").

C. Sanctions

"Pro se litigants are not immune from Rule 11 sanctions." Dean v. ARA Envtl. Serv., 124 F.R.D. 224, 227 (N.D. Ga. 1988). "That his filings are pro se offers [plaintiff] no impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986). Nevertheless, the Eleventh Circuit does not stringently impose sanctions on pro se plaintiffs. See Woods v. IRS, 3 F.3d 403, 404 (11th Cir. 1993) (finding "there can be no doubt that this is a frivolous appeal and we would not hesitate to order sanctions if appellant had been represented by counsel. However, since this suit was filed pro se, we conclude that sanctions would be inappropriate"); United States v. Morse, 532 F.3d 1130, 1133 (11th Cir. 2008) (imposing sanctions on plaintiff because his arguments were frivolous and he had been warned by the Court not to raise them, but noting "we are reluctant to impose sanctions on pro se litigants").

In the present case, the Court finds that Eye's claims are objectively groundless. Eye's motives in filing this Complaint were clearly vexatious and pursued as a means of retribution, as

well as to forestall progress in her criminal case. Thus, Eye's action warrants sanctions pursuant to Fed. R. Civ. P. 11. "Rule 11 sanctions are designed to discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses . . . . They may be imposed for the purpose of deterrence, compensation and punishment." Didie v. Howes, 988 F.2d 1097, 1104 (11th Cir. 1993) (citations omitted).

In determining appropriate sanctions under Rule 11, the court should consider the nature of the violation, the circumstances in which it was committed, the circumstances (including the financial state) of the individual to be sanctioned, and those sanctioning measures that would suffice to deter that individual from similar violations in the future. Schramek v. Jones, 161 F.R.D. 119, 122 (M.D. Fla. 1995). In Schramek, as in the present case, the pro se plaintiffs failed to assert in their motion to dismiss, any factual showing of direct or actual damage unique to them but instead, made only conclusory statements that were not grounded in, or supported by, fact. Id. at 121. Noting the defendant was wronged by the plaintiff, recognizing the pro se status of the plaintiffs, and realizing that the plaintiffs did not have deep pocket financial resources, the Court found the "imposition of financial sanctions would not be the best deterrent of future untoward behavior." Id. Instead, to deter future abuse of the civil litigation system, the Court, in that instance, imposed Rule 11 sanctions by prohibiting the plaintiffs from "bringing any further civil actions without the benefit of counsel or prior leave of court." Id. at 122.

Likewise, a monetary sanction is not the most effective means to deter Eye from filing future frivolous complaints. Instead, keeping with the purpose of Rule 11 sanctions, this Court will impose sanctions, as set forth below, that are appropriate to discourage further "frivolous claims, defenses or motions and to deter costly meritless maneuvers, thus avoiding unnecessary

delay and expense in litigation." <u>Donaldson v. Clark</u>, 819 F.2d 1551, 1556 (11th Cir. 1987).

**IV.   CONCLUSION**

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Defendants' Motion to Dismiss (ECF No. 19) is GRANTED.  This case is hereby DISMISSED WITH PREJUDICE.  It is further,

ORDERED AND ADJUDGED that Plaintiff is sanctioned in the following manner.  The Clerk of the Court is hereby DIRECTED not to accept any future case filings by Roanne Eye unless represented by counsel or upon obtaining prior leave of court to proceed pro se.  The Clerk of the Court is instructed to CLOSE this case.  All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 7th day of November, 2011.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record